**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                          **Case No. 8:06-cr-65-T-30TBM**

**JEREMY B. HOWARD,**

    **Defendant.**
                                  /

## REPORT AND RECOMMENDATION

THIS CAUSE is before the court for a Report and Recommendation on the Defendant's **Affidavit of Indigency** (Doc. 105), which I construe as a motion to proceed *in forma pauperis*. For reasons set forth herein, I recommend that the motion be denied.

On March 14, 2011, the Defendant filed his Petitioner's Motion for Reduction of Sentence (Doc. 100). The motion was brought pursuant to 18 U.S.C. § 3582(c).[1] In denying the motion, the court recited the pertinent sentencing history and concluded that the

---

[1] The motion raises an issue related to the original calculation of his guidelines by probation. Thus, he asserts that the original guidelines calculation based on 42.9 grams of cocaine was incorrectly scored as a base offense level of 30 rather than 28. By his re-calculation, his sentencing range was properly 130 - 162 months incarceration rather than the 151 - 188 months calculated by the court. Next, he cites generally to the Fair Sentencing Act of 2010 and amendments to the federal sentencing guidelines urging he is entitled to benefits under both. Citing in particular *United States v. Gully*, Case No. 89-3005, 2009 WL 1370898 (N.D. Iowa May 18, 2009), he urges the court to recalculate his guidelines following the *Gully* rationale on a finding that the crack/powder cocaine disparity remains too great despite [Amendment 706]. Employing this rationale, his base offense level is actually a 26 and with applicable reductions, his total offense level is 23. By this calculation his sentencing range is best calculated at 92 - 115 months.

Defendant had "already received the benefit of a 23 month reduction of his imprisonment term under 18 U.S.C. §3582(c)(2)." The court further concluded that the Defendant had been appropriately scored by the probation office for the 42.9 grams of cocaine base. *See* (Doc. 101). The Defendant filed his Notice of Appeal on May 16, 2011 and by his affidavit seeks permission to appeal *in forma pauperis*.

A brief chronology is useful. In January 2007, the Defendant pleaded guilty to one count for felon in possession of a firearm and one count for possession with intent to distribute five grams or more of cocaine base. *See* (Docs. 62, 64). The original sentence, imposed April 18, 2007, called for a total of 158 months incarceration. *See* (Docs. 82, 85). No appeal was taken from that judgment and sentence. In February 2008, the court *sua sponte* undertook to reconsider the sentence in light of Amendment 706 to the federal sentencing guidelines. It appointed the Defendant new counsel and directed the filing of pleadings directed toward the import of Amendment 706. On March 25, 2008, the government and defense counsel filed an Amended Joint Stipulation Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. 96), wherein they recommended a reduction in sentence of 23 months. On March 26, 2008, pursuant to 18 U.S.C. § 3582(c)(2), the court amended/reduced Defendant's sentence by 23 months to a total of 135 months incarceration. *See* (Docs. 97, 98, 99). No appeal was taken from that judgment and sentence either. As noted above, the Defendant filed the instant motion in March 2011.

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)), or the "plaintiff's realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

Even assuming that Mr. Howard has satisfied the requirements of Rule 24(a)(1) of the Federal Rules of Appellate Procedure, the motion should be denied.  The Defendant wholly fails to demonstrate a legal basis for an appeal.  At present, it appears that he cannot avail himself of any benefit under the Fair Sentencing Act of 2010 and otherwise he demonstrate no legal error or any abuse of discretion that would warrant an appeal.  As the Eleventh Circuit has noted, a sentencing court's power to reduce a sentence based on a subsequent change in the applicable guideline range is wholly discretionary.  *United States v. Vautier*, 144 F.3d 756 (11th 1998) cert. denied 525 U.S. 1113 (1999).  Here, the court has previously exercised its discretion in the Defendant's favor and elected not to do so again on this motion.

Because the appeal from this order has little or no chance of success and cannot be made in good faith, I recommend that the court construe Defendant's **Affidavit of Indigency** (Doc. 105) as a motion to proceed *in forma pauperis* and to **DENY** the motion.

Respectfully submitted on this
22nd day of June 2011.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service may constitute a waiver of the issues raised herein and shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02.


Copies furnished to:
United States Attorney's office
Defendant